Next case on the calendar is Rodriguez v. Nassau County. The appellant is on submission and we have Ms. Gross for the appellate. Yes, good morning, your honors. Good morning. Hopefully I have better luck with you. I'm glad I was just sitting here ready to go. I thought I still was going to have another 10-20 minutes. Anyway, good morning. I'm Jackie Gross, counsel for the by the plaintiff, appellant in this case, and I just would recommend that this court affirm the district court's grant of summary judgment dismissing the complaint in the entirety because the appellant has failed to produce any supported probative evidence which would present a genuine dispute of material facts. She basically narrowed her claims down on this appeal to gender discrimination, hostile work environment, and retaliation, and as briefed at length in in my brief, we explained why none of those claims can survive. So let me ask you, let me ask you a question. She testified in her deposition that when she was interviewed for the for for the promotion to the position of executive director that the person who interviewed her who was the I think of the the the person who had major responsibility for making the decision said, I want a man. Now ordinarily that would be enough to create an issue of fact, notwithstanding denial by by the other side. Why isn't it enough here? There were three opportunities for her to have made that statement previous to that late production of that statement. In 2015 she filed a complaint with the state division of human rights, does not mention that statement. In the next year she filed her complaint, that statement is not in and then the next year in 2017 she was deposed for this case. And in in response to the question of what evidence did do you have regarding the interviewer's gender discrimination against you, she said essentially he doesn't have to say anything about my gender. So she basically contradicted herself and it was only in 2018 in her second deposition that this statement came about. So it's her own contradiction of her own statement and as we briefed and as the district court held you can't you know come up with your own statement which contradicts your earlier statement just to survive summary judgment. Even if that statement were to survive this motion and be permissible here to go forward it's still one stray comment and as well. I don't think that's adequately characterized as a stray comment. I understand the argument that you're making but when a comment is made that directly addresses the issue but you know when you're boss says I'm firing you because you're Czechoslovakian that can't be a stray comment. Stray comments I believe mean comments that have nothing to do with the issue in question but which might be which might show or which do show bias on the part of the speaker but they aren't addressed to the issue in dispute. I don't see how it can be called a stray comment for the job to say I don't want you because I want somebody of a different race, gender, nationality. I understand your other argument but not that one much less the district court's disallowance of it on the grounds that it was hearsay. Correct. The hearsay is questionable too. I agree with you your honor and I also if you my characterization is stray I perhaps should have said single comment as opposed to straight comment. You're relying on the case law that essentially the sham affidavit case law that if you can't create an issue of fact by contradicting an earlier sworn testimony that's essentially what you're relying on. Correct and in this case it was three times she had the animus towards you because of your gender and she said he doesn't have to say he didn't have to say anything. Was there any explanation at the second deposition for the inconsistency? Like was there any reason given for why? No it was a different attorney actually so and you know it's possible I'm just of course hypothesizing here but it's possible at that moment she didn't even realize the inconsistency and that there was that answer direct answer to the earlier question. It certainly though and this is a woman who specialized in discrimination and she was a lawyer. The fact that she didn't bring it up in her complaint to the state division of human rights or her complaint also you know seems if you're going to find one thing inconsistent it would be she was consistent for three years in a row and then at the last 11th hour basically came up with this statement. So I believe that was why the district court ruled the way it did. Otherwise litigants would always just come up with affidavits that contradict themselves later. Correct me if I'm wrong in the complaint. I thought this is appendix 17. She said Saeed told plaintiff that the commission would continue to be in his control and that he wishes to hire several male employees who share his views. So you're saying she didn't say in the complaint but isn't that essentially what she said at the second deposition or not? I don't think it's fairly interpreted that way your honor. I think that that statement means he wants to hire more diverse people and other people not necessarily for the executive director position. He's talking about hiring people in the commission. She was interviewing for an executive director position at that time and he did she did not say he said he wanted a man for the executive director position. So your point is that he may have been just speaking generally about hiring you know having greater diversity or just it was a comment about general hiring. Yes about expanding the staff in the commission and bringing in different kinds of people. Yeah. All right I think your time is up. Thank you Ms. Gross. Thanks for being ready quicker than you have a great day. Thank you. Let me just see if we have Mr. Young back. Yes your honor. He's not back but I'm actually on hold with his office now. They're checking. Okay so we'll we'll continue then with the next case. The next case is actually I might make a suggestion maybe we ought to move this case that that case Lamberty to the end of the calendar okay because they're going to be protracted arguments probably in this case. All right that's a great suggestion Judge Walker. Thank you. We'll do that. So we'll move it to the end of the calendar.